## 23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

## STATE OF LOUISIANA

SUIT NO. 135,608

DEBORAH MANIGAULT

*VERSUS*

BASF CORPORATION and MOBILE MINI, INC.

***********************************************************************

### PETITION FOR DAMAGES       DIVISION E

The Petition of Deborah Manigault, a person of the full age of majority, with respect represents:

1.

The Defendants enumerated below are justly and truly indebted to Plaintiff for a reasonable sum in dollars together with legal interest from the date of judicial demand until paid and for all costs of these proceedings:

a. BASF CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana, which can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

b. MOBILE MINI, INC., a foreign corporation authorized to do and doing business in the State of Louisiana, which can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

2.

Venue is proper in the Parish of Ascension where the wrongful conduct occurred.

3.

BASF Corporation provided a trailer (building no. 062831) for Lacosta Facility Support Services located on the premises of the BASF plant at 8404 River Road in Geismar, Louisiana.

4.

At all times relevant hereto, Deborah Manigault was employed by Lacosta Facility Support Services.

5.

At all times relevant hereto, the trailer was in the care, custody, and control of BASF Corporation.

Page 1 of 11


EXHIBIT 1

6.

Mobile Mini, Inc., is a manufacturer of the trailer pursuant to La. R.S. 9:2800.52, in that it produced, made, fabricated, constructed, and/or designed the trailer.

7.

On or about August 19, 2022, Deborah Manigault walked into the trailer that was provided by BASF corporation on BASF Corporation's premises.

8.

As Deborah Manigault walked inside of the trailer, the floor of the trailer collapsed beneath her feet.

9.

Deborah Manigault fell through the floor of the trailer.

10.

The floor of the trailer presented an unreasonable risk of harm to persons using the trailer in a foreseeable manner.

11.

The floor was covered up with white tile.

12.

Deborah Manigault was unaware of the danger presented by the floor.

13.

At all times relevant hereto, BASF Corporation knew, or, in the exercise of reasonable care, should have known, of the existence of the defective floor in the trailer.

14.

The incident sued upon herein was caused by the negligence of BASF Corporation, which includes, but is not limited to, the following:

    A.    Having in its care, custody, and control a trailer that posed an unreasonable risk of harm to those on its premises, including Plaintiff;

    B.    Failing to take steps to replace the floor of the trailer;

    C.    Failing to take steps to maintenance the trailer;

    D.    Failing to warn of the dangerous condition;

    E.    Failing to inspect the trailer;

    F.    Failing to take proper precautionary measures; AND

G. Failing to avoid the incident sued upon herein.

15.

The floor of the trailer manufactured by Mobile Mini, Inc., amounted to an unreasonably dangerous condition in that:

A. The floor was unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;

B. The floor was unreasonably dangerous in design as provided in R.S. 9:2800.56;

C. The floor was unreasonably dangerous because an adequate warning about the product was not provided as provided in R.S. 9:2800.57; and/or

D. The floor was unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.

16.

The injuries and damages of Plaintiff were proximately caused by the fault of the parties herein.

17.

As a result of the incident sued upon herein, Deborah Manigault sustained damages, which include, but are not limited to, the following:

A. Permanent bodily injuries and scarring;

B. Past, present, and future medical bills;

C. Permanent physical disability;

D. Past, present, and future mental pain and suffering;

E. Past, present, and future physical pain and suffering; AND

F. Loss of enjoyment of life.

18.

WHEREFORE, plaintiff prays that the defendants be served with a copy of this Petition and be cited to appear and to answer same, and after due proceedings are had, that there be judgment rendered herein in favor of plaintiff, Deborah Manigault, and against defendants, BASF Corporation and Mobile Mini, Inc., jointly and in solido, for such damages as are reasonable in the premises, together with legal interest from the date of judicial demand until paid, all costs of this proceeding, and all such other and equitable relief to which plaintiff may be entitled. Plaintiff further prays for a jury trial.

Respectfully submitted,

DUDLEY DEBOSIER INJURY LAWYERS

*[signature]*

JAY J. MEYERS
LA Bar Roll No. 38118
1075 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 379-3333
Facsimile: (225) 379-4981
Email: jmeyers@dudleydebosier.com

**PLEASE SERVE:**

a. BASF CORPORATION, a foreign corporation authorized to do and doing business in the State of Louisiana, which can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

b. MOBILE MINI, INC., a foreign corporation authorized to do and doing business in the State of Louisiana, which can be served through its registered agent for service of process, CT Corporation System, 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

A TRUE COPY
Deputy Clerk & Recorder
ASCENSION PARISH

# 23rd JUDICIAL DISTRICT COURT FOR THE PARISH OF ASCENSION

## STATE OF LOUISIANA

SUIT NO. 135608

DEBORAH MANIGAULT

*VERSUS*

BASF CORPORATION and MOBILE MINI, INC.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### REQUEST FOR NOTICES

To: Clerk of Court
23rd Judicial District Court
Parish of Ascension

In accordance with Louisiana Code of Civil Procedure Article 1572, you are hereby requested to give us notice by mail ten (10) days in advance of the date fixed for trial or hearing of this case, whether on exceptions, motions, rules, or the merits.

We also request immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by Louisiana Code of Civil Procedure Articles 1913 and 1914, including notice of judgment in the event this case is taken under advisement, or if the judgment is not signed at the conclusion of the trial.

Respectfully submitted,

DUDLEY DEBOSIER INJURY LAWYERS

By: _____
JAY D. MEYERS
LA Bar Roll No. 38118
1075 Government Street
Baton Rouge, Louisiana 70802
Telephone: (225) 379-3333
Facsimile: (225) 379-4981
Email: jmeyers@dudleydebosier.com