UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DEBORAH MANIGAULT                                         CIVIL ACTION

VERSUS

WILLIAM SCOTSMAN, INC., ET AL.                   NO. 23-00261-BAJ-RLB

RULING AND ORDER

This is a personal injury case. Plaintiff alleges that she fell through the floor of a modular office unit owned by Defendant William Scotsman, Inc. and leased to Defendant BASF Corporation. (*See* Doc. 19-1). At the time of the incident, Plaintiff was directly employed by Lacosta Facility Support Services and performing work on BASF premises. (*Id.*). Pursuant to the Master Onsite Services Agreement between BASF and Lacosta, BASF is the statutory employer of Lacosta's employees under La. R.S. 23:1061(A)(3). (*Id.*). Now before the Court is BASF's **Motion for Summary Judgment (Doc. 19)**, which argues that BASF, as Plaintiff's statutory employer, is immune from tort liability under Louisiana law. The Motion is unopposed.

The Court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When summary judgment is unopposed, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done

so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)).

Under the Louisiana Workers' Compensation Act, recovery of workers' compensation benefits is the exclusive remedy for an employee injured in the course of their employment. R.S. 23:1032. This remedial exclusivity can also apply to employees of a contractor injured in the course of work that the contractor was hired to perform for a principal—called the statutory employer. La R.S. 23:1061. When a contract creates the statutory employer relationship, there is a rebuttable presumption that the Act's exclusivity applies. *Id.*; *see Wright v. Excel Paralubes*, 807 F.3d 730, 733 (5th Cir. 2015). Here, BASF has put forward evidence, in the form of its Master Onsite Services Agreement with Plaintiff's direct employer Lacosta, that creates a rebuttable presumption that BASF was Plaintiff's statutory employer at the time of her alleged injuries. (*See* Doc. 19-1). Plaintiff makes no attempt to rebut this presumption, and therefore Plaintiff's exclusive remedy against BASF is the recovery of workers' compensation benefits. *See* M.D. La. LR 56(f) ("Facts contained in a supporting ... statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."). Accordingly, there is no genuine dispute regarding an essential element of Plaintiff's claims against BASF, and BASF is entitled to judgment as a matter of law. *See Loolara v. Nat'l Flood Ins. Program*, No. 17-cv-00953, 2021 WL 3204485, at *2 (M.D. La. July

28, 2021) (Jackson, J.) ("This Court has repeatedly admonished that summary judgment is about *evidence*, and a party that fails to direct the Court's attention to any evidence supporting his claims cannot carry his burden of showing a genuine, material dispute (or lack thereof)." (quotation marks omitted)).

Accordingly,

**IT IS ORDERED** that Defendant BASF Corporation's **Motion for Summary Judgment (Doc. 19)** be and is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against BASF Corporation be and are hereby **DISMISSED WITH PREJUDICE** at Plaintiff's cost.

Baton Rouge, Louisiana, this 20th day of December, 2023

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**